IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD L. DEE                      )
                                    ) No. 17-73
                                    )
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security


**SYNOPSIS**

Plaintiff filed an application for social security disability benefits and supplemental security income, alleging disability due to mental and physical impairments. Plaintiff's application was denied initially, and then denied following a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. The parties' Cross-Motions for Summary Judgment are before the Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.


**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff assigns three grounds of error: 1) that the ALJ failed to consider certain exhibits in the record; 2) that the ALJ improperly rejected the opinions of Plaintiff's treating psychiatrist, Dr, Streets, and treating counselor, Ashley Lockwood; and 3) that the ALJ failed to properly consider the Listings.

### A. Exhibits

As to the first of these, Plaintiff points to several exhibits in the record that he asserts the ALJ left unreviewed. An ALJ is not required to cite to every piece of evidence submitted, and his failure to cite to a particular piece of evidence does not mean that the evidence was not considered. Walker v. Astrue, 733 F. Supp. 2d 582, 587 (E.D. Pa. 2010). Here, the ALJ stated that he considered the entire record; there are no grounds to assume otherwise.

### B. Dr. Streets and Ms. Lockwood

Next, Plaintiff challenges the ALJ's treatment of the opinions of Dr. Streets and Ms. Lockwood, both treating sources who signed a checkbox questionnaire regarding Plaintiff's limitations. Therein, the providers endorsed checkmarks indicating that Plaintiff is "unable to meet competitive standards" in seventeen different areas of functioning, and "seriously limited but not precluded" in the remaining eight areas. Plaintiff complains that the ALJ gave the questionnaire minimal weight, as unsupported by contemporaneous treatment notes, and the appearance that the form reflected Plaintiff's subjective symptom reports, which were not consistent with the treatment notes. Plaintiff further argues that the ALJ improperly drew an inference from the note on the questionnaire that Plaintiff "has been reasonabl[y] stable over the past 12 months." Plaintiff also contends that the ALJ selectively viewed the Lockwood/Streets records. Also notes that Lockwood Streets notes are supported by other evidence in the record.

I reject Plaintiff's contentions. The ALJ is entitled to reject a treating source opinion, if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). The ALJ noted that the severe limitations indicated in the questionnaire were inconsistent with Dr. Streets'and Ms. Lockwood's treatment notes, as well as their statement that

3

Plaintiff had been reasonably stable for a year. The ALJ did not draw an impermissible inference from the statement of stability, such as an inference that stability equates to ability to work; instead, he observed that the statement was inconsistent with the severe limitations opined to. As for Plaintiff's argument that the ALJ selectively viewed the medical records, this Court notes that the ALJ recounted Ms. Lockwood's reports that Plaintiff suffered anxiety, increased depression, and other negative symptoms. The ALJ found that overall, the treatment notes recorded progress and good results with medication; he did not blatantly disregard notes tending to support disability, and attend only to others. Accordingly, the decision does not reflect improper "cherry picking."

### C. Listing 12.04

Finally, I address Plaintiff's contention that the ALJ failed to properly consider Listing 12.04, which addresses affective disorders. In particular, Plaintiff complains that the ALJ, in determining that Plaintiff did not meet Listing 12.04, relied solely on testimonial evidence, rather than Plaintiff's post-hearing memorandum or medical evidence; and misstated the medical evidence. Plaintiff also contends that the ALJ failed to mention a 2013 hospitalization.

As pertinent here, Listing 12.04 requires medically documented persistence of depressive, manic, or bipolar syndrome, resulting in at least two of the following: Marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpart P, App. 1, § 12.04.

If the ALJ misstated Plaintiff's drug use at the time of the episodes of decompensation, or dates of hospitalization, the error was harmless. Although the ALJ stated that Plaintiff's hospitalizations occurred in 2014 and 2015, he specifically cited to the medical records regarding

4

the 2013 hospitalization. He also noted that Plaintiff's 2015 hospitalization occurred when he had stopped taking his medications.

Further, the ALJ determined that Plaintiff had only mild or moderate difficulties in daily living, social functioning, and maintaining concentration, persistence, or pace. Plaintiff does not challenge these findings. Thus, even if Plaintiff's decompensation episodes qualified under the Listing, the requirement that his mental impairments cause at least one marked impairment and repeated episodes of decompensation remains unsatisfied. In the decision as a whole, the ALJ sufficiently discusses the medical evidence that pertains to Plaintiff's mental impairments. I find no error that warrants remand.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

Dated: 2/8/18

BY THE COURT:

_/s/ Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD DEE )
) No. 17-73
)
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## ORDER

AND NOW, this 8th day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

        BY THE COURT:

        */s/ Donetta W. Ambrose*

        Donetta W. Ambrose

        Senior Judge, U.S. District Court